UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN LEE BRATCHER,<br><br>Plaintiff,<br><br>v.<br><br>GISELLE MATTESON, et al.,<br><br>Defendants. | Case No. 23-cv-05566-SVK<br><br>**ORDER TO SHOW CAUSE RE PETITION FOR HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

## I.     INTRODUCTION

Petitioner, a state prisoner at the California State Prison in Solano, California, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §§ 2241 and 2254. *See* Dkt. 1 (the "Petition"). He has paid the filing fee and has consented to the jurisdiction of a magistrate judge. *See* Dkt. 5. For the reasons stated below, Respondent is ordered to show cause why the Petition should not be granted.

## II.    DISCUSSION

### A.     Background

In 2019, Petitioner was convicted of kidnapping under California Penal Code § 207(a) and rape under California Penal Code § 261(a)(2) and sentenced to a term of 30 years to life in the California Superior Court for the County of Alameda. Petition ¶ 1. He pursued a direct appeal, and the California Supreme Court denied review. *Id.* ¶ 2. His time to pursue an appeal to the United States Supreme Court has lapsed. *Id.* ¶ 3. He commenced this action on October 27, 2023.

### B.     Standard of Review

A district court may entertain a petition for writ of *habeas corpus* "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see*

*also Rose v. Hodges*, 423 U.S. 19, 21 (1975).¹ It "shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### C. Petitioner's Claims

Petitioner seeks reversal of his conviction on two grounds:

1. Petitioner claims his Fourteenth Amendment right to due process was violated when the trial court omitted a portion of a cautionary jury instruction regarding out-of-court statements of a defendant in a criminal case. *See* Petition at m-1 through m-16.

2. Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to properly argue for a cautionary jury instruction during Petitioner's trial. *See id.* at M-17 through m-20.

An erroneous jury instruction may so infect the entire trial that an individual's resulting conviction violates the individual's due process rights under the Fourteenth Amendment. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). And an attorney's failure to act reasonably "under prevailing professional norms" may violate an individual's Sixth Amendment right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).

Thus, the Petition presents cognizable claims for the violation of Petitioner's federal constitutional rights and for federal *habeas corpus* relief. Accordingly, the Court **ORDERS** Respondent to respond to the Petition.

### III. CONCLUSION

1. The Clerk shall serve electronically a copy of this Order and a magistrate-judge-consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and exhibits thereto are available via the Electronic Case Filing System for the United States District Court for the Northern District of California.

---

[1] Although Petitioner submits his Petition under both 28 U.S.C. §§ 2241 and 2254 (*see* Petition at m-1), section 2254 "is the exclusive vehicle for [his] habeas petition", because Petitioner seeks *habeas corpus* relief while in custody pursuant to a state court judgment. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

2. Respondent shall complete and file a magistrate-judge-consent form by no later than **March 18, 2024.**

3. Respondent shall file with the Court and serve on Petitioner, on or before **April 22, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases and showing cause why a writ of *habeas corpus* should not be granted.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **May 6, 2024**.

4. In lieu of answering the Petition, Respondent may, on or before **April 22, 2024**, file a motion to dismiss the Petition on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **May 22, 2024**, and Respondent shall file with the Court and serve on Petitioner a reply on or before **June 5, 2024**

**SO ORDERED.**

Dated: March 7, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

3